JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:24-cv-02112-SSS-SPx | Date | August 19, 2025 |
|---|---|---|---|
| Title | *James Metz v. Jerilyn Brown* | | |

Present: The Honorable     SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):     Attorney(s) Present for Defendant(s):

None Present                                                          None Present

**Proceedings:**    **(IN CHAMBERS) ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION [DKT. 57]**

      This case arises from a private property dispute between Plaintiff James Metz and Defendant Jerilyn Brown. Plaintiff seeks declaratory relief finding that Defendant is an involuntary trustee and Defendant's claim to title and possession of the property at issue violates his Fourteenth Amendment Rights. [Dkt. 1 at 6; Dkt. 18 at 4–5].

      Defendant previously filed a motion to dismiss, arguing Plaintiff's claims were not ripe, failed to state claims upon which relief could be granted, and that this Court should decline to exercise supplemental jurisdiction over the state law claims. [*See* Dkt. 28]. Because Defendant failed to comply with Local Rule 7-3 in filing the motion, this Court denied Defendant's motion without prejudice. [Dkt. 37]. Plaintiff subsequently moved for entry of default judgment against Defendant. [Dkt. 47]. Defendant filed a motion to vacate the entry of default. [Dkt. 49].

      After reviewing the parties' motions, this Court ordered Plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction. [Dkt. 57]. Plaintiff submitted his response on July 24, 2025. [Dkt. 58]. Having reviewed the parties' arguments, relevant legal authority, and record in this case, this case is **DISMISSED** for lack of subject matter jurisdiction.

Federal district courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

Plaintiff's response to the OSC states that this Court has subject-matter jurisdiction over this case under § 1331 because the amended complaint alleges violations of his constitutional rights under the Fourteenth Amendment and because he seeks to challenge the constitutionality of California state statutes. [Dkt. 58 at 2]. However, Plaintiff's assertion alone does not sufficiently demonstrate that subject-matter jurisdiction exists in this case from the face of the complaint.

Fourteenth Amendment claims "apply only to state action and not to 'individual invasion of individual rights.'" *Martin v. Pac. Nw. Bell Tel. Co.*, 441 F.2d 1116, 1118 (9th Cir. 1971). Thus, violation of such constitutional rights is actionable, under federal law, only when committed by one who is "clothed with the authority of the state and purporting to act thereunder." *Marshall v. Sawyer*, 301 F.2d 639 (9th Cir. 1962). The amended complaint neither asserts that Defendant is a state actor, nor does any pleading reflect that Defendant acts under state authority. Consequently, there is no assertion of federal question or diversity jurisdiction.

For the above reasons, because Plaintiff has failed to carry his burden of showing subject matter jurisdiction exists, this case is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**